IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES FIDELITY AND GUARANTY COMPANY,**<br>          **Plaintiff**<br><br>          **v.**<br><br>**RR ENTERPRISES, INC., et al.,**<br>          **Defendants** | **Civil No. 03-1338(SEC)** |

## MAGISTRATE-JUDGE'S REPORT & RECOMMENDATION

United States Fidelity and Guaranty Company filed a suit seeking recovery of monies expended pursuant to various Payment and Performance Bonds on behalf of RR Enterprises (**Docket No. 1**). United States Fidelity and Guaranty Company (hereafter "USF&G") is the surety under an Indemnity Agreement to furnish bonds on behalf of RR Enterprises. Indemnitors to the agreement are the defendants Ricardo Elías-Fábregas, Jeannette Díaz-Deya, Angel M. Román-Cardona and Idith Rivera-Morales.

The complaint alleges that following the execution of the Indemnity Agreement and issuance of the surety bonds, RR Enterprises defaulted, failed to complete, failed to fulfill its contractual obligations or otherwise failed to perform on various contracts which resulted in USF&G being obligated to make payments on behalf of RR Enterprises. The complaint alleges that the Indemnitors are obligated to reimburse USF&G for the monies it expended, including interest, costs, expenses, charges and attorneys fees, yet, they have failed and/or refused to do so.

Before the Court is Motion of Plaintiff USF&G for Entry of Default Judgment against the Defendants, Ricardo Elías-Fábregas and Jeannette Díaz-Deya and the Conjugal Partnership among them, as well as USF&G's Motion for Default and Amended Motion for Default Judgment against the Defendant, the Conjugal Partnership of Defendants Ricardo Elías-Fábregas and Jeannette Díaz-Deya. (**Docket Nos. 45, 71**). USF&G seeks judgment in the amount of $238,506.52.

Civil Case No. 03-1338 (DRD)                                                                                      Page 2

On November 15, 2004, this case was reassigned to the undersigned for all further proceedings, including the trial and entry of judgment (**Docket No. 30**). The undersigned, however, issues a report and recommendation inasmuch as, certain parties have not appeared in the case. While consent to a magistrate judge's designation can be inferred from a party's conduct during litigation, there can be no inference of conduct when a party that has been served, has not appeared and is in default. *See Roell v. Withrow*, 538 U.S. 580 (2003); *see also Henry v. Tri-Services, Inc*, 33 F.3d 931 (8th Cir. 1994) (magistrate judge who entered a default judgment, lacked authority to enter final judgment where record contained no clear statement that party, who had not yet entered appearance in action when other parties agreed to have final judgment determined by magistrate judge, ratified such agreement).

I.       **Procedural and Factual Background**

On December 4, 2003, USF&G moved for Entry of Default against Defendants, Ricardo Elías-Fábregas (hereafter "Elias") and Jeannette Díaz-Deya (hereafter "Díaz") (**Docket No. 20**). Default was entered on December 5, 2003, against Elías and Díaz in accordance with the motion (**Docket No. 21**). USF&G next moved for Entry of Default Judgment against Elías and Díaz and the Conjugal Partnership Among Them and for an award of damages (**Docket No. 45**). The Court entered an Order finding  Entry of Default Premature inasmuch as, USF&G had never moved for Entry of Default as to the Conjugal Partnership of  Elías and Díaz (**Docket No. 57**). In its motion   USF&G requested $339,232.40 for monies spent in investigating, defending, resolving or settling claims made under Performance and Payment Bonds. *Id.* Included within the amount claimed was monies expended for attorneys' fees, costs of suit and related loss adjustment expenses.   *Id.* The Court found that the documentation was not sufficiently particular to support the amount requested and ordered

USF&G to submit to the Court supporting documentation. *Id.* The documents were submitted on May 6, 2005 (**Docket No. 66**). It was also determined that an evidentiary hearing was required and the same was held May 26, 2005 (**Docket No. 68**).

The defaulting defendants did not appear at the May 26, 2005 hearing. At the hearing USF&G advised the Court that after conducting a review of the file, it was modifying, and actually lowering, the amount it requested.

USF&G submitted additional documentation in support of its claim, and it also called as a witness Ms. Nilda Negrón-Torres (hereafter "Negrón"), in support of and to explain the basis of its claim for monies owed. Ms. Negrón works for St. Paul Traveler's Insurance and investigated this matter including the actual damages and amounts owed to USF&G. She testified having reviewed the file, computer records, and the checks for each payment made on the account. She also has verified that all the copies of checks submitted in evidence were issued, cashed and the fact each is related to the bond obligations of the surety as they relate to RR Enterprises.

Negrón also explained in detail Plaintiff's Exhibit 1. This document provides the account information relative to the bonds issued to RR Enterprises. It sets forth the gross amount of monies paid as of May 23, 2005, that amount being $343,345.42. Of that amount $292,127.50 were paid in indemnity costs and $51,217.92 were paid for expenses. The account record indicates a credit of $104,838.90. This is an amount that USF&G was able to recover from various obligees for the project at issue and it offsets the losses in paying the claim. Finally, the account statement reflects that the net amount claimed and due to USF&G is $238,506.52.

Civil Case No. 03-1338 (DRD)                                                                                         Page 4

_____

The $238,506.52 includes actual expenses of $51,217.92 paid by USF&G.   Plaintiff

USF&G submitted to the Court, for an *in camera* inspection, its attorney/client billing

records[1] in support of the expenses paid.  Some of the legal expenses incurred and listed in

the records submitted have not yet been paid to the firm. These costs, however, are not

included in the amount currently requested by USF&G.

## II.    Analysis

### A.    Rule 55

Fed.R.Civ.P. 55 governs the entry of default judgments in federal court. *See* Fed.R.Civ.P.

55.   Rule 55 mandates a two-step process for a party who seeks a default judgment in his

favor.  First, the party wishing to obtain a default judgment must apprise the court that the

opposing party has failed to plead or otherwise defend by requesting "by affidavit or

otherwise" that the clerk enter default on the docket. Fed.R.Civ.P. 55(a).  Second, following

an entry of default by the clerk, "the party entitled to a judgment by default shall apply to the

court therefor." Fed.R.Civ.P. 55(b)(2).

USF&G now moves for Entry of Default as to the Conjugal Partnership of  Elías and

Díaz (**Docket No. 71**). The Conjugal Partnership has failed to plead, appear or otherwise

defend.  Accordingly, it is RECOMMENDED that the Clerk of the Court Enter Default on the

docket against the Conjugal Partnership of  Elías and Díaz.

Fed.R.Civ.P. 55(a) also authorizes a court to enter a default judgment against a party

who has "failed to plead or otherwise defend" an action. The law provides that default

judgment may be entered by  the Clerk "when the plaintiff's claim against a defendant is for

_____

[1]The Clerk of Court shall be return to USF&G these records, after the Court makes its ruling on this
Report and Recommendation.

a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person." Fed.R.Civ.P. 55(b)(1). In all other cases the Court can enter judgment by default when the party entitled to a judgment by default applies to the court. Fed.R.Civ.P. 55(b)(2). "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States." *Id.*

USF&G has complied with the requisites of Rule 55 in that it first sought entry of default, and now requests default judgment and damages. Having reviewed the record, the undersigned determines that default judgment is appropriate and RECOMMENDS the entry of Default Judgment as to defendants Ricardo Elías-Fábregas and Jeannette Díaz-Deya. Default Judgment is also RECOMMENDED as to the Conjugal Partnership of Elías and Díaz inasmuch as, there is an Entry of Default against the two parties comprising that conjugal partnership yet neither sought to defend the individual claims against them or the claims brought against their Conjugal Partnership.

### B.        Evidence on Record

"A party who defaults is taken to have conceded the truth of the factual allegations in the complaint". *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n. 3 (1st Cir. 1999), and the default

Civil Case No. 03-1338 (DRD)                                                                                          Page 6

of a defendant constitutes an admission of all facts well-pleaded in the complaint. *Banco*

*Bilbao Vizcaya Argentaria v. Family Restaurants, Inc. (In re The Home Restaurants, Inc.),*

285 F.3d 111, 114 (1st Cir. 2002).

USF&G has provided evidence in support of its claim for damages and expenses. It

called as a witness, Ms. Negrón, who identified the exhibits submitted, what each represented,

the processing of each check and gave an explanation of the documentation provided to the

Court. USF&G provided to the Court copies of checks issued and paid as surety for RR

Enterprises, said amount totaling $292,127.50. It provided to the Court time sheets for

attorneys' fees and costs incurred as a result of the default of RR Enterprises and the refusal

of the Indemnitors to abide by the terms of the Indemnity Agreement to reimburse USF&G.

The amount paid for expenses as of May 23, 2005, totals $51,217.92[2]. Also, USF&G advised

the Court of monies recovered totaling $104,838.90, said monies used to setoff the amounts

expended so that the actual amount owed to and claimed by USF&G is $238,506.52. Clearly,

USF&G has provided ample documentation to support its claim for damages and expenses

incurred totaling $238,506.52.

III.   **Conclusion**

IT IS THEREFORE RECOMMENDED as follows:

–        that the Clerk of the Court enter default against the Conjugal Partnership of
         Ricardo Elías-Fábregas and Jeannette Díaz-Deya; and

–        that the Default Judgment be entered against Ricardo Elías-Fábregas and
         Jeannette Díaz-Deya and the Conjugal Partnership comprised by them in the
         amount of $238,506.52.

---

[2]USF&G had included additional legal expenses in the exhibits but at the time of the hearing the
additional legal fees and costs had yet to be paid.

The adoption of this Report and Recommendation will dispose of **Docket Nos. 45 and 71**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order.  *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986*); Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980).  The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge.   *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**IT IS SO RECOMMENDED**.

At San Juan, Puerto Rico, on this 22nd day of August, 2005.

S/**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**