## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES FIDELITY AND
GUARANTY COMPANY (USF&G),
   Plaintiff

       v.                                  Civil No. 03-1338 (SEC)

RR ENTERPRISES, INC., ET AL.,
   Defendants

### MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

     United States Fidelity and Guaranty Company (hereafter "USF&G") filed suit seeking recovery of monies expended by it pursuant to various Payment and Performance Bonds on behalf of RR Enterprises (**Docket No. 1**). Now before the Court is a Motion to Dismiss filed by Defendants RR Enterprises, Inc., Angel M. Román-Cardona, Judith Rivera-Morales and the Conjugal Partnership constituted by them and USF&G's response thereto (**Docket Nos. 32, 48, 49**).

     On November 15, 2004, this case was reassigned to the undersigned for all further proceedings, including the trial and entry of judgment (**Docket No. 30**). The undersigned, however, issues a report and recommendation inasmuch as certain parties have not appeared in the case. While consent to a magistrate judge's designation can be inferred from a party's conduct during litigation, there can be no inference of conduct when a party that has been served, has not appeared and is in default. *See Roell v. Withrow*, 538 U.S. 580 (2003); *see also Henry v. Tri-Services, Inc*, 33 F.3d 931 (8th Cir. 1994) (magistrate judge who entered a default judgment, lacked authority to enter final judgment where record contained no clear statement that party, who had not yet entered appearance in action when other parties agreed to have final judgment determined by magistrate judge, ratified

such agreement). Additionally, before a matter may be referred to a magistrate judge for all proceedings, it is necessary "all parties have consented to the referral of the matter to a magistrate". Fed.R.Civ.P. 73. In this case all parties have not consented, and further, all parties have yet to appear. Accordingly, the undersigned issues a Report and Recommendation.

I.      **Motion to Dismiss**

        A.      **Legal Standard**

        In evaluating a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002) (citation omitted). The Court accepts the factual allegations in the complaint as true and draws all reasonable inferences from those alleged facts in favor of the pleader. *Gorski v. New Hampshire Dep't of Corr.*, 290 F.3d 466, 473 (1st Cir. 2002) (quoting *Hison v. King & Spalding*, 467 U.S. 69, 73 (1984)). The Court limits its inquiry to the facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice. *See In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 15 (1st Cir. 2003); *Young v. Lepone,* 305 F.3d 1, 11 (1st Cir. 2002) ("The fate of a motion to dismiss under Rule 12(b)(6) ordinarily depends on the allegations contained within the four corners of the plaintiff's complaint."); *see also Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (courts must limit inquiry to facts stated in complaint, documents either attached to or incorporated into the complaint, and matters of which the court may take judicial notice). Indeed, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as

Civil No. 03-1338(SEC)                                                           Page -3-

relief is possible under any set of facts that could be established consistent with the allegations." *González-Pérez v. Hospital Interamericano De Medicina Avanzada,* 355 F.3d 1, 5 (1st Cir.2004) (citations omitted).

      **B.**    **Analysis**

      USF&G is the surety under an Indemnity Agreement to furnish said bonds on behalf of RR Enterprises, Inc.   Defendants Ricardo Elías-Fábregas, Jeannette Díaz-Deya, Angel M. Román-Cardona and Idith Rivera-Morales are the Indemnitors under the Indemnity Agreement. The complaint alleges that following the execution of the Indemnity Agreement and issuance of the surety bonds, RR Enterprises defaulted, failed to complete, failed to fulfill its contractual obligations or otherwise failed to perform on various contracts which resulted in USF&G being obligated to make payments on behalf of RR Enterprises. The complaint alleges that the Indemnitors are obligated to reimburse USF&G for the monies it expended, including interest, costs, expenses, charges and attorneys, yet they have failed and/or refused to do so.

      Defendants RR Enterprises, Inc., Angel M. Román-Cardona, Judith Rivera-Morales and the Conjugal Partnership constituted by them (hereafter "RR Defendants") move for dismissal[1] on the basis that the Complaint fails to state a claim upon which relief may be granted.  In support of dismissal they refer to a state court case wherein All-Agro of Puerto Rico Corp. sued the named defendants in the case at bar as well as USF&G in Civil No. KAC00-3914(507). USF&G was named as a party defendant due to its status as insurer

_____

[1]The RR Defendants submitted documents outside the pleadings. While the exhibits are court documents and may be considered on the basis of "judicial notice", the parties are put on notice that the present motion is not converted to a motion for summary judgment. See Fed.R.Civ.P. 12(b)(6) (requiring the court to exclude materials outside the pleadings unless the motion is converted to a motion for summary judgment).

Civil No. 03-1338(SEC)                                                    Page -4-

and/or bonding company.  USF&G and All-Agro entered into a settlement agreement, and

the case as to USF&G was dismissed with prejudice.  The RR Defendants contend that since

there has never been a judicial finding of their liability, any money advanced by USF&G

to a third party "does not give it the right of subrogation recognized by 31 P.R. Laws Ann.

§ 4912." The RR Defendants further argue that USF&G was never required to pay the owner

or any third party for breach of contract.  More so, it contends that it was the subcontractor

who abandoned the construction project which forced the RR Defendants to incur

substantial additional expenses to fulfill the obligation of the subcontractor.

The gist of the RR Defendants' argument is that the creditor (All-Agro) has no rights

against them nor has any court determined that any such right exists.  Therefore, they

conclude that any payment made by USF&G as surety to such creditor does not trigger the

subrogation rights recognized by 31 P.R. Laws Ann § 4912.

USF&G argues that it has stated a valid claim pursuant to Puerto Rico Laws,

specifically 31 P.R. Laws Ann §§ 4911,4912 and 4913. It further argues that the RR

Defendants do not deny the existence of the Indemnity Agreement and that it is entitled

to indemnification since it paid the creditors of RR Enterprises, Inc., those creditors being

subcontractors who supplied labor and materials to the construction project.

The RR Defendants do not dispute that they bound themselves to indemnify USF&G.

Indeed, in the answer to the complaint they acknowledge the existence of said Agreement

(**Docket No. 9**).  Initially, it is noted that the claim by USF&G  is basically one for a breach

of contract, and it goes without saying that it is well-settled such a claim is allowed under

Puerto Rico law.  More so, the claim raised by USF&G is appropriate and may be brought

Civil No. 03-1338(SEC)                                                              Page -5-

by USF&G under Puerto Rico law. *See* 31 P.R. Laws Ann. § 4911; *see Segovia Dev. Corp.*

*v. Constructora Maza, Inc.*, 628 F.2d 724, 727 (1st Cir. 1980).  Puerto Rico law provides that:

> A surety who pays for a debtor shall be indemnified by the latter.
> The indemnity consists of:
> (1) The total amount of the debt.
> (2) Legal interest on the same from the day on which the payment may have
> been communicated to the debtor, even when it did not produce interest for
> the creditor.
> (3) The expenses incurred by the surety after the latter has informed the
> debtor that he has been sued for payment.
> (4) Losses and damages, when proper.
> The provisions of this section shall be valid, even should the security have
> been given without knowledge of the debtor.

31 P.R. Laws Ann. § 4911.

Additionally, Puerto Rico law allow for payment by the surety without notice and

implicitly allows for a surety to compromise a debt.  *See* 31 P.R. Laws Ann. §§ 4912, 4913.

"Should the surety have compromised with the creditor, he cannot demand of the debtor

more than that which he has really paid".  31 P.R. Laws Ann. § 4911.

In reaching for dismissal of this case the RR Defendants argue underlying facts,

rather the allegations in the complaint.  Quite simply, the allegations on the face of the

complaint are sufficient to apprise the RR Defendants of the claim brought against them by

USF&G.  Pursuant to Puerto Rico law the allegations sufficiently state a claim under which

relief may be granted.  Accordingly, the Motion to Dismiss should be DENIED.

III.    **CONCLUSION**

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss (**Docket No. 32**) be

**DENIED.**

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and

Rule 72(a) of the Local Rules of Court.  Any objections to the same must be specific and

Civil No. 03-1338(SEC)                                                                    Page -6-

must be filed with the Clerk of Court **within ten (10) days** of notice.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order.  *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986*); Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980).  The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge.  *Paterson-Leitch v.*

*Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

　　　　SO RECOMMENDED.

　　　　At San Juan, Puerto Rico, on this 25th day of August, 2005.


　　　　　　　　　　　　　　　　　　　S/**AIDA M. DELGADO-COLON**
　　　　　　　　　　　　　　　　　　　**U.S. Magistrate-Judge**