**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| U&S FIDELITY AND GUARANTY CO. * * * Plaintiff * * * v. * RR ENTERPRISES INC., et al. * * Defendants * | Civil No. 03-1338(SEC) |

**OPINION AND ORDER**

On December 5, 2003 the Court entered default against Co-defendants Ricardo Elías Fábregas and Jeannette Díaz-Deya[1] (Docket # 21). The Court then referred this case to Magistrate-Judge Aida Delgado-Colón for all further proceedings (Dockets ## 30 & 31). Thereafter, Plaintiff filed two (2) motions requesting the entry of default judgment against Co-defendants Ricardo Elias Fábregas, Jeannette Díaz-Deya and the Fábregas-Díaz Conjugal Partnership (herein collectively referred to as "Defendants") and has submitted additional documentation in support thereof (Dockets ## 45, 66 & 71). After holding an evidentiary hearing, on August 22, 2005 Magistrate Delgado-Colón issued her Report, recommending that: (1) the Clerk of the Court enter default against all Defendants, and (2) that Defendants pay two hundred thirty-eight thousand five hundred and six dollars with fifty-two cents ($238,506.52) to Plaintiff (Docket # 78). To date, the parties have not filed any objections

---

[1] It appears from the record that at said time Plaintiff inadvertently failed to seek the entry of default against the Fábregas-Díaz Conjugal Partnership. The Magistrate-Judge called Plaintiff's attention to said inadvertence on March 29, 2005 (Docket # 57). Plaintiff has now provided additional documentation in support of its request for the entry of default against the Fábregas-Díaz Conjugal Partnership and has requested the same (Docket # 66). Thus, the Magistrate has recommended that the Court enter default against the Fábregas-Díaz Conjugal Partnership (Docket # 78). Since it appears from the record that the Fábregas-Díaz Conjugal Partnership has failed to appear and/or answer the complaint in this case and the parties have not objected to the Magistrate's recommendation, Plaintiff's request for the entry default against the Fábregas-Díaz Conjugal Partnership is **GRANTED. The Clerk of the Court is instructed to enter default against the Fábregas-Díaz Conjugal Partnership**.

**Civil No. 03-1338(SEC)**                                                                                                              2
_____

to the Magistrate's Report and the time allotted for doing so has expired. Therefore, the Court will **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation as our own.

**Standard of Review**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72(a) for the District of Puerto Rico, a District Court may refer motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party can "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado-Pagán, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). Aside from being filed in a timely manner, objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections,"'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez, 286 F. Supp. 2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to

**Civil No. 03-1338(SEC)**                                                                                                    3
_____

appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

**Analysis**

The parties have not objected to the Magistrate Judge's Report and Recommendation, thus we are not required by law to review it. However, upon review, we find no fault with Magistrate Judge Delgado-Colón's assessment and thus **APPROVE** and **ADOPT** her Report and Recommendation as our own. Accordingly, partial judgment will be entered as recommended.

**SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of September, 2005.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge