**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| U.S. FIDELITY & GUARANTY CO. * <br> * <br>     Plaintiff * <br> * <br> v. * <br> * <br> RR ENTERPRISES, INC., et al. * <br> * <br>     Defendants * <br> ********************************** | Civil No. 03-1338 (SEC) |

**OPINION AND ORDER**

Before the Court are cross motions for summary judgment filed by Plaintiff (Docket # 50) and Co-defendants RR Enterprises, Inc. ("RR Enterprises"), Angel M. Román-Cardona, Judith Rivera-Morales and the Román-Rivera Conjugal Partnerships[1] (collectively, referred to as "Defendants") (Docket # 67), and the respective oppositions thereto (Dockets ## 58 & 75). The Court referred this case to Magistrate-Judge Aida Delgado-Colón for all further proceedings (Docket # 30). On August 26, 2005 Magistrate Delgado-Colón issued her report, recommending that Plaintiff's and Defendants' respective motion for summary judgment both be denied (Docket # 81). Only Defendants have filed an objection to the Magistrate's Report (Docket # 83). Notwithstanding, after reviewing the parties' filings, the case record and the applicable law, the Court will **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation in its entirety. Accordingly, the Court will **DENY** both Plaintiff's and Defendants' respective motions for summary judgment.

**Factual Background**

Plaintiff, the Surety in the instant matter, entered into a General Agreement of Indemnity (herein the "Indemnity Agreement") with Co-defendant RR Enterprises and all other Co-defendants in which Plaintiff agreed to issue certain Payment and Performance

---

[1] Partial Judgment by Default has been entered against Co-defendants Ricardo Elias Fábregas, Jeannette Díaz-Deya and the Fábregas-Díaz Conjugal Partnership who failed to appear and defend themselves in this case (Docket # 85).

**Civil No. 03-1338(SEC)**                                                                                              2
_____

Bonds (the "Bonds") relating to contracts between RR Enterprises and the Municipality of San Juan for a construction project in Puerto Rico (Docket # 1 at ¶ 11). RR Enterprises then agreed to, *inter alia*, "indemnify the Surety and hold it harmless from and against liability, losses, costs, damages, attorneys' fees, disbursements and expenses of every nature which the Surety may sustain or incur by reason of, or relating to, having executed or procured the execution of any Bond." (Docket # 1 at ¶ 10). Per the complaint, following the execution of the Indemnity Agreement and the issuance of the Bonds, RR Enterprises "defaulted, failed to complete, failed to fulfill its contractual obligations, or has otherwise failed to perform on various [c]ontracts, which failure have resulted in [Plaintiff] being obliged to make payments to various parties on behalf of RR Enterprises as principal, in the amount of $292,371.10" (Docket # 1 at ¶ 12). Thus, Plaintiff has filed the instant suit seeking reimbursement of said payments, interest, costs, expenses, charges, and attorneys' fees. There followed Plaintiff's motion for summary judgment as to its claim in Count I of the complaint and Defendants' motion for summary judgment on, and dismissal of, all of Plaintiff's claims.

**Standard of Review**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72(a) for the District of Puerto Rico, a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodríguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party can "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado-Pagán, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). Aside from being filed in a timely manner, objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. §

**Civil No. 03-1338(SEC)**                                                                                                    3

636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, "'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez, 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

**Applicable Law and Analysis**

**I.  Plaintiff's Motion for Summary Judgment**

To date, Plaintiff has not objected to the Magistrate's recommendation that its motion for summary judgment be denied. Thus, we are not required by law to review said recommendation. However, upon review, we find no fault with Magistrate's Delgado-Colón's assessment. Consequently, Plaintiff's motion for summary judgment is **DENIED**.

**II. Defendants' Motion for Summary Judgment**

In her Report and Recommendation the Magistrate found that the entry of summary judgment in favor of Defendants should be denied because (1) the broad language of the Bonds indicates that subcontractors' claims are covered under their terms, (2) there is

**Civil No. 03-1338(SEC)**                                                                                                          4

evidence in the record which suggests that RR Enterprises breached certain obligations which triggered payment by Plaintiff on behalf of RR Enterprises, (3) the Indemnity Agreement provides that Plaintiff be reimbursed for disbursements made in good faith on behalf of RR Enterprises, and (4) the Indemnity Agreement gives Plaintiff the authority to settle any claim, with no requirement of notice to RR Enterprises (Docket # 81). On the other hand, Defendants have filed the following objections to the Magistrate's Report: (1) Plaintiff failed to establish RR Enterprises' alleged breach or default which caused Plaintiff to pay third parties on RR Enterprises' behalf and (2) pursuant to the Bonds issued by Plaintiff, neither RR Enterprises nor Plaintiff would have been liable to claims made by third parties (e.g. subcontractors) (Docket # 83). We address both objections simultaneously.

The Puerto Rico Civil Code states that "[b]y security a person binds himself to pay or perform for a third person in case the latter should fail to do so." 31 P.R. Laws Ann. § 4871. However, "[a] surety may bind himself to less but not more than the principal debtor as to quantity as well as to the burden of the conditions." 31 P.R. Laws Ann. § 4875. A security is always accessory to a debt, thus, it cannot exist without a valid obligation. 31 P.R. Laws Ann. § 4873. Furthermore, a "security is not presumed; it must be express and cannot be extended further than that specified therein." 31 P.R. Laws Ann. § 4876.

Although the language in the Puerto Rico Civil Code seems to strictly construe the application of surety bonds, the Puerto Rico Supreme Court has given the same a more liberal interpretation. For example, in Cristy & Sánchez v. Estado Libre Asociado the Puerto Rico Supreme Court held that in a contract for public work, the surety company who issues a performance bond is also liable to subcontractors and suppliers. 84 D.P.R. 234, 243 (1961). In Cristy & Sánchez the Puerto Rico Supreme Court expressly revoked its previous decisions holding that since there was no contractual relationship between the surety and the subcontractors/suppliers, said subcontractors/suppliers could not recover payment from the surety. Id. at 244. Thereafter, in A.L. Arsuaga, Inc. v. La Hood Constructors, Inc., the Puerto

**Civil No. 03-1338(SEC)**                                                                                                        5

___

Rico Supreme Court again considered whether a surety could be held liable to workers and/or suppliers when the bonds had been executed for the benefit of the owner of the project and not of the workers or suppliers. 90 D.P.R. 104 (1964). In that case, the Puerto Rico Supreme Court found that it was possible for a surety and the owner of a project to make a contract for the benefit of a third party (e.g. workers or suppliers). Id. at 111-21. As such, the Supreme Court held that when a surety bond contains language which could reasonably be interpreted to benefit workers and/or suppliers of materials, these may have a right of action against the surety if the contractor should default in the payment of labor or material bills. Id. Later on, in 1978 the Puerto Rico Supreme Court held that regardless of the name given to the surety bond, whether it be a payment bond, a performance bond and/or a payment and performance bond, the surety who issues a bond to guarantee the performance of a public work is liable to the subcontractors and/or suppliers. Montalvo & Comas Electric Corp. v. Estado Libre Asociado de Puerto Rico, 107 D.P.R. 558, 561 (1978) (citing Cristy & Sánchez, 84 D.P.R. at 243). Furthermore, the Puerto Rico Supreme Court reiterated that, except when expressly rejected by the contracting parties, in a private construction project a surety is also liable for the labor and material bills. Id. (citing A.L. Arsuaga, 90 D.P.R. at 121); see e.g., D'All Concrete Mix, Inc. v. Fortuño, 114 D.P.R. 740, 742 (1983).

   Against this backdrop we examine the agreements at issue in the instant matter. The three Bonds at issue here include two provisions which appear to be inconsistent with one another. For example, the Bonds expressly provide that: "the performance and payment bonds furnished in conjunction with this service contract guarantee the physical completion of the work and the payment of all labor and material bills incurred in the performance of the contract" (Docket # 67, Ex. C). However, the Bonds also state that: "[n]o right of action shall accrue on this bond for the use of any person or corporation other than the Owner [Municipio de San Juan] named herein, or the heirs, executors, administrators or successors of the Owner." (Docket # 67, Ex. C). In their objection to the Magistrate's Report, Defendants

suggest that the former provision was intended to guarantee to the Municipality of San Juan (the owner) the completion of the work in case RR Enterprises failed to complete the same and was not intended to guarantee claims made by third parties. That is, that Plaintiff would have been responsible to the owner of the project for the physical completion and the payment of all labor and material bills only if and when RR Enterprises failed to complete the requested project. While the Court finds no fault with Defendants' interpretation as to the first part of the clause, that is, that Plaintiff guaranteed the completion of the project only in the case RR Enterprises failed to do so, the same rationale cannot be applied to the part of the clause pertaining to the payment of all labor and material bills. By guaranteeing the completion of the work in case RR Enterprises defaulted, Plaintiff had already obligated itself to pay for the materials and labor necessary to ensure said completion. Therefore, it would be superfluous to include language referring to the payment of labor and material if that payment need only be made in furtherance of Plaintiff's obligation to guarantee the completion of the work. The fact that the payment of labor and materials was specifically mentioned potentially indicates that the parties' intention was for that clause to include a guarantee of both the completion of the work, with all that it entailed, **and** the payment to suppliers of labor and materials in the event that RR Enterprises failed to do so.

Drawing all inferences in favor of the non-movant, as we should at this juncture, for the purposes of this Opinion, we must accept the plausibility of Plaintiff's interpretation of this clause. Accordingly, the clause in question should be read to hold liable Plaintiff for "the payment of all labor and material bills incurred in the performance of the contract" when RR Enterprises failed to pay its labor and material bills to the subcontractors who provided said work, materials and/or services. This interpretation is consistent with the Puerto Rico Supreme Court case law discussed above. Finally, because the intention of the parties as to the clause in question is itself a question of fact, the issuance of summary judgment is inappropriate at this stage in the proceedings.

**Civil No. 03-1338(SEC)**                                                                                         7
_____

Lastly, the Indemnity Agreement provides that any and all payments made in good faith by the Surety will be reimbursed by Defendants.[2] Per the discussion above, it is more than reasonable to conclude that Plaintiff made payments to the subcontractors and suppliers in good faith. We leave it to the trier of the facts to determine the contrary if the case should go to trial.

**Conclusion**

For the reasons stated herein, the Court finds no fault with the Magistrate's assessment and **APPROVES** and **ADOPTS** her Report and Recommendation as its own. Consequently, Plaintiff's motion for summary judgment is **DENIED** and Defendants' motion for summary judgment is also **DENIED**. **A Pretrial and Settlement Conference is set for November 28, 2005 at 2:00 p.m.**

   SO ORDERED.
In San Juan, Puerto Rico, this 27th day of October, 2005.

                                        S/ *Salvador E. Casellas*
                                        SALVADOR E. CASELLAS
                                        U.S. Senior District Judge

---

[2] "In the event of any payment by the SURETY, the UNDERSIGNED further agree that in any accounting between SURETY and the UNDERSIGNED, the SURETY shall be entitled to charge for any and all disbursements made by it in good faith under the disbursements under the belief that it is or was liable for the sums and amounts so disbursed, or that is was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed. As used herein, "payments made in good faith" shall be deemed to include any and all payments made by the SURETY except those made with deliberate and willful malfeasance." (Docket # 53, Ex. A).